Soosaipillai KAPIRIYALPILLAI, aka
Fnu Ravikiran, Petitioner,

v.

Alberto R. GONZALES, United States
Attorney General, Respondent.

No. 05–2594–ag.

United States Court of Appeals,
Second Circuit.

May 31, 2006.

Visuvanathan Rudrakumaran, New York, New York, for Petitioner.

G.F. Peterman III, Acting United States Attorney, Dean S. Daskal, Assistant United States Attorney, Columbus, Georgia, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Soosaipillai Kapiriyalpillai, through counsel, petitions for review of the BIA decision affirming Immigration Judge

("IJ") Steven Abrams' decision denying his motion to reconsider the IJ's initial denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's decision to affirm an IJ's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*). Our court has held that the BIA abuses its discretion when it "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In his motion to reconsider, Kapiriyalpillai alleged that the IJ failed to consider adequately the letter he had submitted from his wife in determining whether Kapiriyalpillai had a well-founded fear of future persecution. The BIA correctly noted that, contrary to Kapiriyalpillai's assertion, the IJ addressed and discussed the contents of the wife's letter. He also alleged that the IJ erred in the previous decision because, contrary to the IJ's initial finding, the harm to which he was subjected and his fear of future persecution was on account of an imputed political opinion. While we disagree with the BIA that this argument was not made explicit, any error is harmless as the BIA properly affirmed the IJ's denial finding that even if Kapiriyalpillai had established a nexus between the harm he suffered and one of the protected grounds, the harm did not rise to the level of past persecution, and he was not likely to be persecuted in the future.

█ Persecution is the infliction of harm or suffering upon those who differ in a way regarded as offensive. *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340–41 (2d Cir.2006). While no court has established a minimum threshold of harm that an asylum applicant must show in order to establish past persecution, all courts, including this one, require that the alleged harm be severe. *See Islami v. Gonzales,* 412 F.3d 391, 397 (2d Cir.2005). The agency did not abuse its discretion in determining that Kapiriyalpillai failed to show past persecution or the possibility of future persecution. Neither the Tigers' threats and demands for money and use of his bus nor the Sri Lankan Special Forces request for his bus constitute the extreme action contemplated by the statute. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002). Economic deprivation may constitute persecution under some circumstances, but petitioner must offer some proof that she suffered "deliberate imposition of substantial economic disadvantage." *Id.* (internal citations omitted). Because Kapiriyalpillai did not show material harm on account of the threats, or that the demands for money constituted a deliberate imposition of substantial economic disadvantage, the BIA did not abuse its discretion in determining that the IJ correctly found that Kapiriyalpillai had not suffered past persecution.

█ With respect to well-founded fear of future persecution, Kapiriyalpillai testified that the main cause of his problems in Sri Lanka was his ownership of the bus. He stated that before the cease-fire between the government and the LTTE rebels, the Sri Lankan army had also made demands on his bus, accused him of helping the LTTE, and threatened his brother. He also testified that he sold the bus and therefore no longer owned it, and presented no evidence that since the 2002 cease-fire, the Sri Lankan government or army has been seeking out individuals affiliated

or perceived to have been affiliated with the LTTE. The BIA therefore did not abuse its discretion in finding that the IJ properly determined that Kapiriyalpillai did not establish eligibility for asylum, withholding of removal, or relief under the CAT. Furthermore, a motion to reconsider "is a request that the Board reexamine in its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *See In re Cerna,* 20 I. & N. Dec. 399, 403 n. 2, 1991 WL 353528 (BIA 1991). The BIA does not abuse its discretion by denying a motion to reconsider where the motion does not show a change of law or circumstance, or solely repeats arguments the BIA has previously rejected. *Id., see also Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). The BIA did not abuse its discretion in the case at hand because Kapiriyalpillai failed to give the Board a valid reason to reexamine its decision.

Because the IJ relied on sound reasoning in support of the initial denial of relief and the denial of the motion to reconsider, and because Kapiriyalpillai failed to make any additional arguments in his motion to reconsider, the BIA did not abuse its discretion in affirming that denial.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).